**FILED**

**FEBRUARY 26, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1157**

| | |
|---|---|
| DONNIE BUCKNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THOMAS DART, Sheriff of Cook County; | ) |
| UNKNOWN COOK COUNTY DEPUTIES, in | ) |
| their individual capacities; and UNKNOWN | ) |
| COOK COUNTY EMPLOYEES, in their | ) |
| individual capacities, | ) |
| | ) |
| Defendants. | ) |

No. _____

**JUDGE CASTILLO**
**MAGISTRATE JUDGE COLE**

## COMPLAINT AT LAW AND JURY DEMAND

NOW COMES Plaintiff, DONNIE BUCKNER, by and through his attorneys, MARC S. MAYER & ASSOCIATES, and for his Complaint at Law against Defendants, THOMAS DART, Sheriff of Cook County; UNKNOWN COOK COUNTY DEPUTIES, in their individual capacities; and UNKNOWN COOK COUNTY EMPLOYEES, in their individual capacities, alleges and states as follows:

### JURISDICTION

1.     This is an action for money damages to redress the deprivation under color of the laws of the State of Illinois of rights secured to Plaintiff herein by the laws of the State of Illinois and the Eighth and/or Fourteenth Amendments to the United States Constitution, the violation of which is actionable pursuant to 42 U.S.C. §1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiff also invokes the jurisdiction of this Court to decide ancillary and pendant claims arising under state law.

1

**VENUE**

2.     Venue is proper in this Court as all acts complained of occurred in the City of Chicago, County of Cook and State of Illinois.

**PARTIES**

3.     Plaintiff, DONNIE BUCKNER is a resident of the City of Chicago, County of Cook, State of Illinois.

4.     Defendant, THOMAS DART, is the Sheriff of Cook County, Illinois, and the employer of Defendants, UNKNOWN COOK COUNTY DEPUTIES ("DEPUTIES") and UNKNOWN COOK COUNTY EMPLOYEES ("EMPLOYEES").

5.     Defendants, DEPUTIES are employees, agents and servants of Defendant, THOMAS DART.  DEPUTIES and each of them are persons whose names and identities are currently unknown.  At all times relevant hereto, said DEPUTIES were duly appointed and acting deputy officers of the Cook County Department of Corrections ("CCDOC"), acting within the scope of their authority and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois.

6.     Defendants, EMPLOYEES are employees, agents and servants of Defendant, THOMAS DART.  EMPLOYEES and each of them are persons whose names and identities are currently unknown.  At all times relevant hereto, said EMPLOYEES were duly appointed and acting physicians and health care providers of the CCDOC, acting within the scope of their authority and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois.

2

## COUNT I

7.     As Paragraph 7 of Count I of this Complaint, Plaintiff, DONNIE BUCKNER re-allege and incorporate Paragraphs 1 through 6 as though fully set forth herein.

8.     On or about December 4, 2006, Plaintiff, DONNIE BUCKNER was incarcerated at CCDOC. At or around the time of his incarceration, DONNIE BUCKNER was examined by a prison physician, given a walking cane to assist him in ambulating, and placed on a special prison medical deck due to a serious medical need and lingering disability associated with a prior injury and surgery to his left leg.

9.     On or about March 30, 2007, Defendants, DEPUTIES, without any legitimate and/or legal justification, reason or cause, confiscated the walking cane previously given to Plaintiff, DONNIE BUCKNER by prison personnel as aforesaid and refused to allow him to use said cane to assist in his ambulation.

10.    On or about March 30, 2007, Plaintiff, DONNIE BUCKNER did not consent to Defendants, DEPUTIES' unjustified confiscation of his walking cane and sought to have it returned.

11.    On or about March 30, 2007, Defendants, DEPUTIES failed and/or refused to return Plaintiff, DONNIE BUCKNER's walking cane despite repeated requests by him that the cane be returned and he be allowed to continue using it.

12.    On or about March 30, 2007, Plaintiff, DONNIE BUCKNER fell while attempting to walk without the assistance of his walking cane and sustained a fracture to his left hip.

13.    On or about March 31, 2007, Defendants, EMPLOYEES examined and x-rayed Plaintiff, DONNIE BUCKNER but failed and/or refused to diagnose and treat his fractured left hip and thereafter made him walk on crutches a long distance back to his prison cell.

3

14.    On or about April 1, 2007, Plaintiff, DONNIE BUCKNER's medical condition was discovered by prison personnel and he was rushed to Cook County Hospital where he underwent surgery to repair his fractured left hip.

15.    On or about April 4, 2007, Plaintiff, DONNIE BUCKNER was released from Cook County Hospital and returned to the CCDOC.

16.    On or about April 4, 2007, and thereafter, Defendants, THOMAS DART, DEPUTIES and/or EMPLOYEES, and each of them failed and/or refused to provide Plaintiff, DONNIE BUCKNER with necessary, recommended and requested post-surgical physical therapy for his fractured left hip despite his repeated requests that he be provided with such medical care and treatment to address the lingering disabilities associated with the surgical repair of his left hip.

17.    As a direct and proximate result of Defendants, THOMAS DART's, DEPUTIES' and EMPLOYEES' failure to provide requested and necessary medical treatment to Plaintiff, DONNIE BUCKNER as alleged herein, DONNIE BUCKNER was injured.

18.    Defendants, THOMAS DART's, DEPUTIES' and EMPLOYEES' failure to provide requested and necessary medical treatment to Plaintiff, DONNIE BUCKNER as alleged herein constitutes a violation of DONNIE BUCKNER's right to be free from cruel and unusual punishment pursuant to the Eighth and/or Fourteenth Amendments to the United States Constitution.

19.    As a direct and proximate result of Defendants, THOMAS DART's, DEPUTIES' and EMPLOYEES' failure to provide requested and necessary medical treatment to Plaintiff, DONNIE BUCKNER as alleged herein, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great

4

pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent; and has had his constitutional rights under the Eighth and/or Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment violated.

20.     Defendants, THOMAS DART's, DEPUTIES' and EMPLOYEES' actions were deliberately indifferent and malicious and justify an award of punitive damages.

21.     Plaintiff, DONNIE BUCKNER claims damages for the injuries aforementioned under 42 U.S.C. §1983 against Defendants, THOMAS DART, DEPUTIES, EMPLOYEES for violating his constitutional rights under color of law.

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendants, THOMAS DART, Sheriff of Cook County; UNKNOWN COOK COUNTY DEPUTIES, in their individual capacities; and UNKNOWN COOK COUNTY EMPLOYEES, in their individual capacities in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

COUNT II

22.     As Paragraph 22 of Count II of this Complaint, Plaintiff, DONNIE BUCKNER re-alleges and incorporates Paragraphs 1 through 16 as though fully set forth herein.

23.     Plaintiff, DONNIE BUCKNER invokes this Court's pendent jurisdiction over this state law claim pursuant to 28 U.S.C. §1367. The violations of federal law alleged herein are substantial, and the federal and pendent causes of action arise from a common nucleus of operative facts.

24.     At all times relevant hereto, Defendants, THOMAS DART, DEPUTIES and EMPLOYEES, and each of them owed Plaintiff, DONNIE BUCKNER a duty to exercise ordinary and reasonable care in providing necessary and requested medical care and treatment to him while he was incarcerated at CCDOC.

25.     Notwithstanding said duty, at all times relevant hereto, Defendants, THOMAS DART, DEPUTIES and EMPLOYEES, and each of them were guilty of one or more of the following negligent acts and/or omissions:

a.      Failed and/or refused to provide Plaintiff, DONNIE BUCKNER with requested necessary medical care by confiscating his walking cane without consent or legal justification;

b.      Failed and/or refused to provide Plaintiff, DONNIE BUCKNER with requested necessary medical care by making him walk without the assistance of his walking cane without consent or legal justification;

c.      Failed and/or refused to provide Plaintiff, DONNIE BUCKNER with requested necessary medical care by not treating his fractured left hip when he was initially examined on or about March 31, 2007;

d.      Failed and/or refused to provide Plaintiff, DONNIE BUCKNER with requested necessary medical care by making him walk approximately one mile back to his jail cell while suffering from a fractured left hip on or about March 31, 2007;

e.      Failed and/or refused to provide Plaintiff, DONNIE BUCKNER with requested necessary medical care by not providing him with physical therapy after his fractured left hip was surgically repaired on or about April 1, 2007; and

f.      Was otherwise careless, negligent and/or acted with deliberate indifference.

26.     As a direct and proximate result of one or more of the negligent acts and/or omissions of Defendants, THOMAS DART, DEPUTIES and EMPLOYEES, and each of them, Plaintiff, DONNIE BUCKNER was injured.

6

27.   As a direct and proximate result of Defendants, THOMAS DART's, DEPUTIES' and UNKNOWNS' acts as alleged herein, Plaintiff, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; and has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendants, THOMAS DART, Sheriff of Cook County; UNKNOWN COOK COUNTY DEPUTIES, in their individual capacities; and UNKNOWN COOK COUNTY EMPLOYEES, in their individual capacities in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

**COUNT III**

28.   As Paragraph 28 of Count III of this Complaint, Plaintiff, DONNIE BUCKNER re-alleges and incorporates Paragraphs 1 through 27 as though fully set forth herein.

29.   Defendants, THOMAS DART, DEPUTIES and EMPLOYEES assaulted and battered Plaintiff, DONNIE BUCKNER.

30   As a direct and proximate result of said assault and battery, Plaintiff, DONNIE BUCKNER was injured.

31.   As a direct and proximate result of Defendants, THOMAS DART's, DEPUTIES' and UNKNOWNS' acts as alleged herein, Plaintiff, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for

7

medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; and has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendants, THOMAS DART, Sheriff of Cook County; UNKNOWN COOK COUNTY DEPUTIES, in their individual capacities; and UNKNOWN COOK COUNTY EMPLOYEES, in their individual capacities in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

## COUNT IV

32.     As Paragraph 32 of Count IV of this Complaint, Plaintiff, DONNIE BUCKNER re-alleges and incorporates Paragraphs 1 through 31 as though fully set forth herein.

33.     Defendants, THOMAS DART, DEPUTIES and EMPLOYEES falsely imprisoned Plaintiff, DONNIE BUCKNER.

34     As a direct and proximate result of said false imprisonment, Plaintiff, DONNIE BUCKNER was injured.

35.     As a direct and proximate result of Defendants, THOMAS DART's, DEPUTIES' and UNKNOWNS' acts as alleged herein, Plaintiff, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; and has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent.

8

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendants,

THOMAS DART, Sheriff of Cook County; UNKNOWN COOK COUNTY DEPUTIES, in their

individual capacities; and UNKNOWN COOK COUNTY EMPLOYEES, in their individual

capacities in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable

attorneys fees, and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

**MARC S. MAYER & ASSOCIATES**

One of Plaintiff's Attorneys

Marc S. Mayer
Michael V. Marsh
MARC S. MAYER & ASSOCIATES
123 West Madison Street
Suite 700
Chicago, Illinois 60602
Phone: (312) 980-0462
Facsimile: (312) 980-0465

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Federal Rule of Civil Procedure 38(a).

**MARC S. MAYER & ASSOCIATES**

One of Plaintiff's Attorneys

DATED: 02-22-08

Marc S. Mayer
Michael V. Marsh
MARC S. MAYER & ASSOCIATES
123 West Madison Street
Suite 700
Chicago, Illinois 60602
Phone: (312) 980-0462
Facsimile: (312) 980-0465