IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
<u>EASTERN DIVISION</u>

| | |
|---|---|
| DONNIE BUCKNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 08 CV 1157 |
| THOMAS DART, Sheriff of Cook County; | ) Judge Castillo |
| OFFICER RICHARD HEIS, Individually, and | ) |
| OFFICER JUSTIN HOOK, Individually, | ) Magistrate Judge Cole |
| Defendants. | ) |

<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**</u>

NOW COMES Plaintiff, DONNIE BUCKNER, by and through his attorneys, MARC S. MAYER & ASSOCIATES, and for his First Amended Complaint at Law against Defendants, THOMAS DART, Sheriff of Cook County; OFFICER RICHARD HEIS ("HEIS"), Individually; and OFFICER JUSTIN HOOK ("HOOK"), Individually, alleges and states as follows:

**JURISDICTION**

1. This is an action for money damages to redress the deprivation under color of the laws of the State of Illinois of rights secured to Plaintiff herein by the laws of the State of Illinois and the Fourteenth Amendment to the United States Constitution, the violation of which is actionable pursuant to 42 U.S.C. §1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiff also invokes the jurisdiction of this Court to decide ancillary and pendant claims arising under state law.

1


PLAINTIFF'S EXHIBIT A

## VENUE

2.  Venue is proper in this Court as all acts complained of occurred in the City of Chicago, County of Cook and State of Illinois.

## PARTIES

3.  Plaintiff, DONNIE BUCKNER is a resident of the City of Chicago, County of Cook, State of Illinois.

4.  Defendant, THOMAS DART, is the Sheriff of Cook County, Illinois, and the employer of Defendants, HEIS and HOOK.

5.  Defendants, HEIS and HOOK and each of them are employees, agents and servants of Defendant, THOMAS DART. At all times relevant hereto, HEIS and HOOK and each of them were duly appointed and acting deputy officers of the Cook County Department of Corrections ("CCDOC"), acting within the scope of their authority and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Illinois.

## UNDERLYING FACTS

6.  On or about December 21, 2006, Plaintiff, DONNIE BUCKNER was an incarcerated pretrial detainee at CCDOC. At this time, DONNIE BUCKNER was examined by a prison physician, prescribed and given a walking cane to assist him in ambulating, and placed on a special prison medical deck due to a serious medical need and lingering disability associated with a prior injury and surgery to his left leg.

7.  On or about March 30, 2007, Defendants, HEIS and HOOK and each of them, without any legitimate and/or legal justification, reason or cause, and in direct contravention of an established CCDOC policy and procedure, confiscated the walking cane previously prescribed and

given to Plaintiff, DONNIE BUCKNER by prison personnel as aforesaid and refused to allow him to use said cane to assist in his ambulation.

8. On or about March 30, 2007, Plaintiff, DONNIE BUCKNER did not consent to Defendants, HEIS' and HOOK's unjustified confiscation of his walking cane and sought to have it returned.

9. On or about March 30, 2007, Defendants, HEIS and HOOK failed and/or refused to return Plaintiff, DONNIE BUCKNER's walking cane despite repeated requests by him that the cane be returned and he be allowed to continue using it.

10. On or about March 30, 2007, Plaintiff, DONNIE BUCKNER fell while attempting to walk without the assistance of his walking cane and sustained a fracture to his left hip.

### COUNT I

11. As Paragraph 11 of Count I of this Complaint, Plaintiff, DONNIE BUCKNER re-allege and incorporate Paragraphs 1 through 10 as though fully set forth herein.

12. The failure of Defendants, THOMAS DART, by and through its agents and/or employees, HEIS and HOOK to provide requested and necessary medical treatment to Plaintiff, DONNIE BUCKNER as alleged herein constituted a violation of DONNIE BUCKNER's due process right to be free from punishment pursuant to the Fourteenth Amendment to the United States Constitution.

13. As a direct and proximate result of Defendants, THOMAS DART's, HEIS' and HOOK's failure to provide requested and necessary medical treatment to Plaintiff, DONNIE BUCKNER as alleged herein, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and

services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent; and has had his constitutional due process rights under the Fourteenth Amendment to the United States Constitution to be free from punishment violated.

14. The actions of Defendants, THOMAS DART, by and through its agents and/or employees, HEIS and HOOK were deliberately indifferent and malicious and justify an award of punitive damages.

15. Plaintiff, DONNIE BUCKNER claims damages for the injuries aforementioned under 42 U.S.C. §1983 against Defendants, THOMAS DART, HEIS and HOOK for violating his constitutional rights under color of law.

WHEREFORE, Plaintiff, DONNIE BUCKNER prays for judgment against Defendants, THOMAS DART, Sheriff of Cook County; OFFICER RICHARD HEIS, Individually; and OFFICER JUSTIN HOOK, Individually and each of them in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

## COUNT II

16. As Paragraph 16 of Count II of this Complaint, Plaintiff, DONNIE BUCKNER re-alleges and incorporates Paragraphs 1 through 10 as though fully set forth herein.

17. Plaintiff, DONNIE BUCKNER invokes this Court's pendent jurisdiction over this state law claim pursuant to 28 U.S.C. §1367. The violations of federal law alleged herein are

substantial, and the federal and pendent causes of action arise from a common nucleus of operative facts.

18. At all times relevant hereto, Defendants, HEIS and HOOK owed Plaintiff, DONNIE BUCKNER a duty to exercise ordinary and reasonable care in providing necessary and requested medical care and treatment to him while he was an incarcerated pretrial detainee at CCDOC.

19. Notwithstanding said duty, at all times relevant hereto, Defendants, HEIS and HOOK and each of them were guilty of one or more of the following negligent acts and/or omissions:

    a. Failed and/or refused to provide Plaintiff, DONNIE BUCKNER with requested necessary medical care by confiscating his walking cane without consent or legal justification;

    b. Failed and/or refused to provide Plaintiff, DONNIE BUCKNER with requested necessary medical care by making him walk without the assistance of his walking cane without consent or legal justification;

    c. Failed and/or refused to comply with established CCDOC policy and procedure which allowed pretrial detainees, such as Plaintiff, DONNIE BUCKNER to keep canes and crutches prescribed and given to them by authorized medical personnel without consent or legal justification; and

    d. Was otherwise careless, negligent and/or acted with deliberate indifference.

20. As a direct and proximate result of one or more of the negligent acts and/or omissions of Defendants, HEIS and HOOK and each of them Plaintiff, DONNIE BUCKNER was injured.

21. As a direct and proximate result of Defendants, HEIS' and HOOK's acts and/or omissions as alleged herein, Plaintiff, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue

to suffer; and has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendants, OFFICER RICHARD HEIS, Individually, and OFFICER JUSTIN HOOK, Individually, and each of them, in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

## COUNT III

22. As Paragraph 22 of Count III of this Complaint, Plaintiff, DONNIE BUCKNER re-alleges and incorporates Paragraphs 1 through 10 as though fully set forth herein.

23. Plaintiff, DONNIE BUCKNER invokes this Court's pendent jurisdiction over this state law claim pursuant to 28 U.S.C. §1367. The violations of federal law alleged herein are substantial, and the federal and pendent causes of action arise from a common nucleus of operative facts.

24. At all times relevant hereto, it was the duty of Defendant, THOMAS DART, by and through its agents and/or employees, to exercise ordinary and reasonable care in providing necessary and requested medical care and treatment to him while he was an incarcerated pretrial detainee at CCDOC.

25. Notwithstanding said duty, at all times relevant hereto, Defendant, THOMAS DART, by and through its agents and/or employees, was guilty of one or more of the following negligent acts and/or omissions:

   a. Failed and/or refused to provide Plaintiff, DONNIE BUCKNER with requested necessary medical care by confiscating his walking cane without consent or legal justification;

b.  Failed and/or refused to provide Plaintiff, DONNIE BUCKNER with requested necessary medical care by making him walk without the assistance of his walking cane without consent or legal justification;

c.  Failed and/or refused to comply with established CCDOC policy and procedure which allowed pretrial detainees, such as Plaintiff, DONNIE BUCKNER to keep canes and crutches prescribed and given to them by authorized medical personnel without consent or legal justification; and

d.  Was otherwise careless, negligent and/or acted with deliberate indifference.

26.  As a direct and proximate result of one or more of the negligent acts and/or omissions of Defendant, THOMAS DART, Plaintiff, DONNIE BUCKNER was injured.

27.  As a direct and proximate result of Defendant, THOMAS DART's acts and/or omissions as alleged herein, Plaintiff, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; and has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendant, THOMAS DART, Sheriff of Cook County, in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

## COUNT IV

28.  As Paragraph 28 of Count IV of this Complaint, Plaintiff, DONNIE BUCKNER re-alleges and incorporates Paragraphs 1 through 10 as though fully set forth herein.

29.     Plaintiff, DONNIE BUCKNER invokes this Court's pendent jurisdiction over this state law claim pursuant to 28 U.S.C. §1367. The violations of federal law alleged herein are substantial, and the federal and pendent causes of action arise from a common nucleus of operative facts.

30.     Defendants, HEIS and HOOK and each of them assaulted and battered Plaintiff, DONNIE BUCKNER.

31      As a direct and proximate result of said assault and battery, Plaintiff, DONNIE BUCKNER was injured.

32.     As a direct and proximate result of Defendants, HEIS' and HOOK's acts as alleged herein, Plaintiff, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; and has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendants, OFFICER RICHARD HEIS, Individually, and OFFICER JUSTIN HOOK, Individually and each of them in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

## COUNT V

33.     As Paragraph 33 of Count V of this Complaint, Plaintiff, DONNIE BUCKNER re-alleges and incorporates Paragraphs 1 through 10 as though fully set forth herein.

34. Plaintiff, DONNIE BUCKNER invokes this Court's pendent jurisdiction over this state law claim pursuant to 28 U.S.C. §1367. The violations of federal law alleged herein are substantial, and the federal and pendent causes of action arise from a common nucleus of operative facts.

35. Defendant, THOMAS DART, by and through its agents and/or employees, assaulted and battered Plaintiff, DONNIE BUCKNER.

36. As a direct and proximate result of said assault and battery, Plaintiff, DONNIE BUCKNER was injured.

37. As a direct and proximate result of Defendant, THOMAS DART's acts as alleged herein, Plaintiff, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; and has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendant, THOMAS DART, Sheriff of Cook County, in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

## COUNT VI

38. As Paragraph 38 of Count VI of this Complaint, Plaintiff, DONNIE BUCKNER re-alleges and incorporates Paragraphs 1 through 10 as though fully set forth herein.

39. Plaintiff, DONNIE BUCKNER invokes this Court's pendent jurisdiction over this state law claim pursuant to 28 U.S.C. §1367. The violations of federal law alleged herein are substantial, and the federal and pendent causes of action arise from a common nucleus of operative facts.

40. Defendants, HEIS and HOOK and each of them falsely imprisoned Plaintiff, DONNIE BUCKNER.

41. As a direct and proximate result of said false imprisonment, Plaintiff, DONNIE BUCKNER was injured.

42. As a direct and proximate result of Defendants, HEIS' and HOOK's acts as alleged herein, Plaintiff, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; and has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendants, OFFICER RICHARD HEIS, Individually, and OFFICER JUSTIN HOOK, Individually and each of them in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

### COUNT VII

43. As Paragraph 43 of Count VII of this Complaint, Plaintiff, DONNIE BUCKNER re-alleges and incorporates Paragraphs 1 through 10 as though fully set forth herein.

44.     Plaintiff, DONNIE BUCKNER invokes this Court's pendent jurisdiction over this state law claim pursuant to 28 U.S.C. §1367. The violations of federal law alleged herein are substantial, and the federal and pendent causes of action arise from a common nucleus of operative facts.

45.     Defendant, THOMAS DART, by and through its agents and/or employees, falsely imprisoned Plaintiff, DONNIE BUCKNER.

46     As a direct and proximate result of said false imprisonment, Plaintiff, DONNIE BUCKNER was injured.

47.     As a direct and proximate result of Defendant, THOMAS DART's acts as alleged herein, Plaintiff, DONNIE BUCKNER was injured, damaged and incapacitated; was caused to incur, and will continue to incur in the future, legal obligations for medical care and services endeavoring to become healed and cured of said injuries; has been caused to suffer great pain, disability, disfigurement and anguish, both in body and mind, and will in the future continue to suffer; and has lost and will continue to lose profits and wages which he otherwise would have acquired, all of which injuries and conditions are permanent.

WHEREFORE, Plaintiff, DONNIE BUCKNER pray for judgment against Defendant, THOMAS DART, Sheriff of Cook County, in an amount in excess of $100,000.00, plus punitive damages, his costs, reasonable attorneys fees, and such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

**MARC S. MAYER & ASSOCIATES**

_____
One of Plaintiff's Attorneys

Marc S. Mayer
Michael V. Marsh
MARC S. MAYER & ASSOCIATES
123 West Madison Street, Suite 700
Chicago, Illinois 60602
Phone: (312) 980-0462
Facsimile: (312) 980-0465

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Federal Rule of Civil Procedure 38(a).

**MARC S. MAYER & ASSOCIATES**

_____
One of Plaintiff's Attorneys

DATED: _____

Marc S. Mayer
Michael V. Marsh
MARC S. MAYER & ASSOCIATES
123 West Madison Street
Suite 700
Chicago, Illinois 60602
Phone: (312) 980-0462
Facsimile: (312) 980-0465